1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL HOLLAND,

11            Plaintiff,              No. CIV S-07-0614 RRB KJM P

12      vs.

13   JAMES TILTON, et al.,

14            Defendants.             <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action under  42

17   U.S.C. § 1983.  On June 6, 2007, the court dismissed plaintiff's complaint; plaintiff has now

18   filed an amended complaint.

19          As previously noted, the court is required to screen complaints brought by

20   prisoners seeking relief against a governmental entity or officer or employee of a governmental

21   entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

22   prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

23   which relief may be granted, or that seek monetary relief from a defendant who is immune from

24   such relief.  28 U.S.C. § 1915A(b)(1),(2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in

26   fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-

1

1    28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.

3    Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

4    inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

5    639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

9    Atlantic Corp. v. Twombly, __ U.S. __, 126 S.Ct. 1955, 1964-65 (2007).  A complaint must

10   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

11   factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

12   "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

13   notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, __

14   U.S. __, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must

15   accept as true the allegations of the complaint, id., and construe the pleading in the light most

16   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

17         Plaintiff alleges that he suffers from a medical condition which often causes

18   involuntary movement and jerking while he sleeps and, as a result, he was given a chrono for a

19   lower bunk.  Despite this, several correctional officers at Deuel Vocational Institute, identified

20   only as "John Doe," ignored his chronos and put him on an upper bunk.  Within a week of

21   reaching DVI, plaintiff fell from the bunk and injured himself.

22         The complaint states a claim against the correctional personnel identified by

23   defendants as John Doe I, II and III.   However, the use of such fictitiously-named defendants is

24   disfavored in federal court.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980);

25   Provience v. Valley Clerks Trust Fund, 509 F.Supp. 388, 392 (E.D. Cal. 1981).  The proper

26   procedure is to amend the complaint pursuant to Fed. R. Civ. P. 15 once the identity of

2

1   defendants is known through discovery or other means.  See Swartz v. Gold Dust Casino, Inc.,

2   91 F.R.D. 543, 547 (D. Nev. 1981).

3          Plaintiff  also names James Tilton, the Director of the California Department of

4   Corrections and Rehabilitation; C.E. Finn, Warden of DVI; S.R. Moore, Chief Deputy Warden

5   of DVI, R. Lucas, correctional captain, D. Stapp, sergeant.  As to the latter group of defendants,

6   plaintiff alleges that they are either responsible for the care and welfare of inmates, failed to

7   oversee plaintiff's safe housing, or failed to train employees on the safe housing of inmates with

8   medical disabilities.   A plaintiff must connect the named defendants clearly with the claimed

9   denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for

10   deliberate indifference to assault requires that official know of and disregard an "excessive

11   risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises

12   only upon a showing of personal participation by the defendant . . . [t]here is no respondeat

13   superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978)

14   (discussing "requisite causal connection" in section 1983 cases between named defendant and

15   claimed injury);  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525

16   U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an

17   individual was personally involved in the deprivation of his civil rights.").  Vague and

18   conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

19   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff's allegations of supervisory

20   liability are insufficient to state a claim.

21          Moreover, when a plaintiff claims that a defendant is liable for failing to train his

22   subordinates, he must establish that "in light of the duties assigned to specific officers or

23   employees, the need for more or different training is obvious, and the inadequacy so likely to

24   result in violations of constitutional rights, that the policy-makers . . . can reasonably have been

25   said to have been deliberately indifferent to the need." Clement v. Gomez, 298 F.3d 898, 905

26   (9th Cir. 2002.)  Again, in this light, plaintiff's complaint is insufficient.

                                                    3

1        Plaintiff will be given leave to file an amended complaint.  He is again informed

2    that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint

3    complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without

4    reference to any prior pleading.  This is because, as a general rule, an amended complaint

5    supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

6    plaintiff files an amended complaint, the original pleading no longer serves any function in the

7    case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

8    involvement of each defendant must be sufficiently alleged.

9        In accordance with the above, IT IS HEREBY ORDERED that:

10        1.  Plaintiff's amended complaint is dismissed.

11        2.  Plaintiff is granted thirty days from the date of service of this order to file a

12    second amended complaint that complies with the requirements of the Civil Rights Act, the

13    Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

14    bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff

15    must file an original and two copies of the amended complaint; failure to file second amended

16    complaint in accordance with this order will result in a recommendation that this action be

17    dismissed.

18    DATED:  December 4, 2007.

19    _____

20    U.S. MAGISTRATE JUDGE

21

22    2
      holl0614.14(ac 8-13)

23

24

25

26

4